In The



Court of Appeals



Ninth District of Texas at Beaumont



________________



NO. 09-08-00355-CV


 _____________________



IN THE INTEREST OF R.C.S.






On Appeal from the 75th District Court


Liberty County, Texas


Trial Cause No. CV73438 






MEMORANDUM OPINION


 Kenneth M. appeals the trial court's order terminating his parental rights. The trial
court found, by clear and convincing evidence, that multiple statutory grounds existed for the
termination, and that termination of parental rights would be in the best interest of the child,
R.C.S. (1) See Tex. Fam. Code Ann. § 161.001(1)(D), (E), (N), (O), and (Q) (Vernon 2008);
Tex. Fam. Code Ann. § 161.001(2) (Vernon 2008). The trial court found Kenneth M. to be
indigent and appointed counsel for the appeal but found that an appeal would be frivolous.
See Tex. Fam. Code Ann. 263.405(d) (Vernon 2008). The clerk's record and a reporter's
record of the trial have been filed and appointed counsel filed a brief on the merits. Kenneth
M. challenges the legal and factual sufficiency of the evidence supporting the trial court's
findings. We affirm the judgment.

 The decision to terminate parental rights must be supported by clear and convincing
evidence. In the Interest of J.F.C., 96 S.W.3d 256, 264 (Tex. 2002). We review all the
evidence in the light most favorable to the finding to determine whether a reasonable trier
of fact could have formed a firm belief or conviction that its finding was true. Id. at 266. 
If we determine that no reasonable fact finder could form a firm belief or conviction that the
matter that must be proven is true, the evidence is legally insufficient. Id. If the appellant
challenges the factual sufficiency of legally sufficient evidence, we review both the evidence
in support and the evidence that is contrary to the judgment, and give due consideration to
evidence the trial court could reasonably have found to be clear and convincing. Id. "If, in
light of the entire record, the disputed evidence that a reasonable factfinder could not have
credited in favor of the finding is so significant that a factfinder could not reasonably have
formed a firm belief or conviction, then the evidence is factually insufficient." Id. 

 Kenneth M. is currently incarcerated and does not challenge the legal and factual
sufficiency of the evidence supporting the trial court's finding that Kenneth M. knowingly
engaged in criminal conduct that has resulted in his conviction of an offense and confinement
or imprisonment and inability to care for the child for not less than two years from the date
of filing the petition. See Tex. Fam. Code Ann. § 161.001(1)(Q). Kenneth M.'s parental
rights can be terminated with a finding of best interest of the child and any one of the Section
161.001(1) grounds alleged by the Department and found by the trial court. In the Interest
of B.K.D., 131 S.W.3d 10, 16 (Tex. App.--Fort Worth 2003, pet. denied). Because Kenneth
M. does not challenge one of the grounds on which termination is based, this Court need not
address his argument that the evidence is insufficient to support the trial court's findings on
the other grounds. Id. Those issues would not require a reversal of the trial court's
judgment.

 Kenneth M. contends the evidence is legally and factually insufficient to support the
trial court's finding that termination of the parent-child relationship between Kenneth M.
And R.C.S. is in the best interest of the child. Among the factors to be considered in
determining the best interest of the child are: (1) the desires of the child; (2) the present and
future emotional and physical needs of the child; (3) the present and future emotional and
physical danger to the child; (4) the parenting abilities of the individuals seeking custody; (5)
the programs available to assist these individuals in promoting the best interest of the child;
(6) the plans for the child by these individuals; (7) the stability of the proposed placement;
(8) the acts or omissions of the parent that may indicate the existing parent-child relationship
is not a proper one; and (9) any excuse for the acts or omissions of the parent. Holley v.
Adams, 544 S.W.2d 367, 371-72 (Tex. 1976). The Holley factors are non-exclusive but
Kenneth M. Does not suggest any additional or alternative factors should be considered on
appeal. 

 Kenneth M. argues that at slightly over one year of age the child is too young to
express its desires. The testimony developed during the trial demonstrates that the child has
bonded with her foster family. Removed from her biological mother at three months of age,
R.C.S. has lived exclusively with the foster mother, Peggy. During visits with Kenneth M.'s
sister and her family, R.C.S. cried until she was returned to Peggy. Incarcerated prior to the
child's birth, Kenneth M. has never met R.C.S. and has no relationship with her at all, other
than the biological and legal relationship established during the course of this litigation. 
Kenneth M. has been married to Brandi M. since 2003 and has two children with her. 

 According to Kenneth M., the child has no special emotional needs and her sole health
condition, stomach reflux, is controlled by medication. He argues he could provide for the
child's needs upon his release from incarceration. Peggy testified that the child did not know
what touch was when she came into foster care and had to be acclimated to affection and
touching. In addition to stomach reflux, the child suffers from food allergies that require a
special diet. 

 Kenneth M. testified that he attended a prison program called Changes that included
a parenting class. According to Kenneth M., the parenting class is the same class he took
when the Department intervened on behalf of his daughter with Kenneth M.'s wife, Brandi
M., shortly after that child's birth in 2003. On appeal, he argues that the fact that he is
married with two children indicates his ability to parent a child. As the Department argues,
however, Kenneth M.'s failure to avoid criminal behavior and incarceration following
marriage and the birth of two children and intervention by the Department in the children's
care indicates Kenneth M.'s inability to provide for a child's physical and emotional needs.

 Kenneth M.'s criminal history and imprisonment affect his ability to care for the
emotional and physical needs of R.C.S. now and in the future. Currently serving a sentence
for his fourth felony conviction and scheduled for release on January 25, 2010, Kenneth M.
admitted that over the last ten years he has spent more time in prison than on release. 
Although none of his convictions were for a violent offense and he is currently serving a
sentence for an offense committed before R.C.S. was born, Kenneth M.'s past recidivism
indicates he would be unable to provide a stable environment for R.C.S. after his release. 
He admitted he has no means of supporting the child, other than to rely on his sister.

 At the appellant's request, the Department considered placing R.C.S. with Kenneth
M.'s sister, T.H. The Department rejected that placement because the two-bedroom home
was considered too small to accommodate a young female in a family with seventeen-year-old and nine-year-old male children. The sister had improved a detached garage in order to
provide more room, but the same space was referred to as the current accommodation for the
older son, and the future accommodation for the younger son, and also the future
accommodation for Kenneth M. upon his release from prison. The Department's
representative testified there was no acceptable place for the child to sleep. The
Department's home assessor was concerned also about the potential danger to the child posed
by the family's three pit bulls.

 The Department planned an adoption of R.C.S. by her foster mother, Peggy. In
addition to R.C.S., Peggy's household includes three adopted former foster children and two
foster children whose families will be reunified. R.C.S. has her own room and attends
daycare while Peggy is at work.

 A reasonable fact-finder could form a firm belief or conviction that termination is in
the best interest of R.C.S. Viewed in the light most favorable to the trial court's finding, the
evidence demonstrates that Kenneth M. would not provide a safe and stable environment, and
R.S.C. has bonded with her foster family. Viewing all of the evidence, including the
evidence contrary to the judgment, a reasonable fact-finder could form a firm belief or
conviction that grounds for termination exist and that termination was in R.C.S..'s best
interest. Although a member of Kenneth M.'s family was willing to provide a home for
R.C.S., the evidence supports a conclusion that termination of Kenneth M's parental rights
would be in the best interest of R.C.S. We overrule Kenneth M's issues and affirm the
judgment.

 AFFIRMED.

 ____________________________

 DAVID GAULTNEY

 Justice

Submitted on January 28, 2009

Opinion Delivered February 5, 2009


Before McKeithen, C.J., Gaultney and Kreger, JJ. 
1. The trial court terminated the parental rights of R.C.S.'s biological mother, Tiffany
S., in the same proceeding. Tiffany S. did not appear for trial and did not file notice of
appeal.